## In re EUCLID GAS COAL CO.

(District Court, W. D. Pennsylvania. July 24, 1926.)

No. 11892.

Bankruptcy ⓒ⇒154—Creditor held not to have right of set-off respecting fund of bankrupt not in its possession at time of bankruptcy (Bankruptcy Act, § 68 [Comp. St. § 9652]).

Bankrupt coal company borrowed money from claimant on an agreement that shipments made by it should be billed and collected for by claimant, which should retain 6 per cent. for services and 6 cents per ton to apply on the debt, and pay the remainder to bankrupt. Sometimes bankrupt billed and collected for its own shipments, and in such cases it remitted the collections to claimant, which made the deductions and returned the remainder. At the time of bankruptcy, a customer owed for shipments so billed by bankrupt. Held, that claimant was entitled to the part of the proceeds given by the contract, but, not having possession of the fund, and therefore not a debtor of bankrupt in respect thereto, it had no right of set-off.

In Bankruptcy. In the matter of the Euclid Gas Coal Company, bankrupt. On pe-

tition of trustee against the Carnegie Steel Company and answer of the Pittsburg & Erie Coal Company. Petition granted in part.

Blythe S. Weddell and Frank R. S. Kaplan, both of Pittsburgh, Pa., for receiver.

J. W. Hamilton, of Pittsburgh, Pa., for Carnegie Steel Co.

Reed, Smith, Shaw & McClay, of Pittsburgh, Pa., for Pittsburg & Erie Coal Co.

GIBSON, District Judge. By an agreement between the Euclid Gas Coal Company, the bankrupt, and the Pittsburg & Erie Coal Company, dated September 26, 1924, the first-named company, in consideration of a loan to it of $7,500, agreed to sell and deliver to the latter the entire output of the Euclid coal and clay mine at its order. By the terms of the contract, all coal and clay shipped to purchasers was to be for account of the Pittsburg & Erie Coal Company, and that company was to render invoices therefor. The purchase price of the coal or clay delivered by the Euclid mine was to be turned over to the present bankrupt by the Pittsburg & Erie Coal Company on the 20th day of each month, less 6 per cent. for its services and a deduction of a fixed amount per ton that was to be credited upon the $7,500 indebtedness. After the agreement had been in operation for a time, the provision that the Euclid product should be invoiced to customers by the Pittsburg & Erie Coal Company was not strictly observed by the Euclid Gas Coal Company, which in its own name invoiced certain shipments to purchasers. However, its action in this respect was only for the purpose of maintaining its identity in the trade, and checks given it pursuant to its direct invoices were indorsed and delivered by it to the Pittsburg & Erie Coal Company; and in such transactions it held itself out as the agent of the last-named company.

Among the shipments invoiced by the Euclid Gas Coal Company in its own name were several to the Carnegie Steel Company. When the present bankruptcy intervened, clay to the value of $3,036.91 had been so shipped, and payment therefor had not been made. The Pittsburg & Erie Coal Company promptly gave notice to the Carnegie Steel Company that the Euclid Gas Coal Company had acted as its agent in the matter, and directed it not to pay such sum to the representative of the Euclid Gas Coal Company.

The present controversy had its inception in the petition of the trustee of the bankrupt, wherein he prayed an order upon the Carnegie Steel Company for the payment of the sum of $3,036.91 to him. After service of rule granted upon said petition, the Carnegie Steel Company answered the petition, admitting the purchase of clay, and expressing its willingness to pay $3,036.91 to such person or company as the court should determine to be entitled to it. Notice of the rule having been given the Pittsburg & Erie Coal Company, that company also answered the trustee's petition, reciting the facts set forth supra, and claiming the possession of the fund for itself. Although not a part of the answer, the Pittsburg & Erie Coal Company claims that it, by its right of possession of the fund, has the further right to set off the part which it would have had to pay to the Euclid Gas Coal Company under the agreement of September 26, 1924, against the $7,500 indebtedness of that company to it. This right of set-off is based upon section 68 of the Bankruptcy Act (Comp. St. § 9652).

The trustee alleges that a delivery of the fund to the Pittsburg & Erie Coal Company would be tantamount to the grant of a preference to that company over the other creditors of the bankrupt, and, although admitting the facts set forth, persists in his claim to the fund.

The parties interested having submitted themselves to the court, we shall forthwith order a distribution of the fund such as, in our judgment, the ultimate equities require.

An analysis of the agreement between the Euclid Gas Coal Company and the Pittsburg & Erie Coal Company shows an attempt by the latter company to secure repayment to itself of $7,500 about to be loaned to the former. By the agreement, until full payment was made, the Euclid Gas Coal Company's coal or clay was to be sold by the Pittsburg & Erie Coal Company, which was to collect the sale price from the purchasers. The total amount so received from purchasers was not to be retained until full payment of the loan had been so made, but each month the Pittsburg & Erie Coal Company was to retain 6 per cent. of the amount of the gross sale price for its services as selling agent, and 6 cents per ton was to be retained for credit upon the loan until it was paid in full. Even where the Euclid Company failed to fully comply with the terms of the contract, and directly invoiced its product, the purchase price was turned over by it to the Pittsburg & Erie Company to deduct the latter's part and account to the Euclid Company for the balance on the 20th day of each month. It is quite apparent the agreement provides for the security of the Pittsburg & Erie Company and prescribes a method for the repayment to it of its loan; but it is not a sale of the product

of the Euclid Company to the Pittsburg & Erie Company. (See last clause of agreement.) Under it, the Pittsburg & Erie Company, as sales agent, was undoubtedly entitled to 6 per cent. of the proceeds of all coal and clay sold, and also 6 cents for each ton so sold for credit upon the indebtedness of the Euclid Company to it. We shall award the Pittsburg & Erie Company 6 per cent. of the fund of $3,036.91 and 6 cents per ton of clay sold to the Carnegie Steel Company. The number of tons so sold does not appear in the record, and, until it is made to appear, an order cannot be drawn.

We find ourselves unable to uphold the Pittsburg & Erie Coal Company in its contention as to the balance of the fund. Its counsel admits it has no "title" to the balance, but insists that it has constructive possession of the entire fund, and that such constructive possession gives it the right to set off the part of the fund due from it to the Euclid Gas Coal Company against the $7,500 due from the Euclid Gas Coal Company to it. Had the Pittsburg & Erie Coal Company been in actual possession of the fund when the petition in bankruptcy was filed, it may be admitted that that company would have been able to set off its debt against its credit under section 68 of the Bankruptcy Act; but, at the filing, the fund was in the hands of a third party, which had not known the Pittsburg Company in the transaction prior to the bankruptcy. The fund is in court, subject to our order, only because the Carnegie Steel Company admitted its indebtedness for the clay purchased pursuant to the petition of the trustee, and the Pittsburg & Erie Coal Company never has had possession of it. The adjudication in bankruptcy has crystallized the rights and titles to the fund; and, when the bankruptcy petition was filed, the Euclid Gas Coal Company had the ultimate right to the fund, less the deductions of the Pittsburg & Erie Coal Company, and the last-named company had no right of set-off, because it never had possession of the proceeds of the sales to the Carnegie Steel Company. It is our duty, as we conceive it, to deliver the fund to those having title thereto, and, in accordance with the titles at the time, the petition in bankruptcy was filed.

We shall therefore enter an order directing the Carnegie Steel Company to pay to the trustee of the Euclid Gas Coal Company the sum of $3,036.91, less $182.21 (6 per cent. of $3,036.91) sale commission due the Pittsburg & Erie Coal Company, plus 6 cents on each ton of clay sold to the Carnegie Steel Company.